JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Stephen J. Souther

**(b)** County of Residence of First Listed Plaintiff: Kennebec County, ME
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Larry W. Miller, Jr., 25 Stevens Ave, West Lawn, PA 19609, Miller Law Group, PLLC, 610-670-9000

**DEFENDANTS**

Tier 1 Testing and Commissioning, Inc.

County of Residence of First Listed Defendant: Berks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Matthew Olesh and Charles Shute, Obermayer, 1500 Market St, Ste 3400, Phila PA 19102, 215-665-3043

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. §§ 1331, 1441 and 1446

Brief description of cause:
Alleged non-payment of overtime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 99,986.65

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE: 10/13/26

SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Olesh

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Reading, PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN J. SOUTHER,<br><br>Plaintiff,<br><br>v.<br><br>TIER 1 TESTING AND COMMISSIONING, INC.<br><br>Defendant. | Civil Action No: 26-7847 |

**NOTICE OF REMOVAL**

Please take notice that Defendant, Tier 1 Testing and Commissioning, Inc., by and through its undersigned counsel, hereby removes this action from the Pennsylvania Court of Common Pleas of Berks County, Civil Division, where it is docketed at Case ID No. 26-13554, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on federal question jurisdiction (specifically, Plaintiff's claim under the federal Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), and this Court's supplemental jurisdiction over Plaintiff's accompanying state law claims. In support thereof, Defendant alleges as follows:

**Nature of the Action**

1. This is a wage and hour claim whereby Plaintiff, Stephen Souther, asserts claims for unpaid overtime under federal and state law after a change in his job duties that removed managerial responsibilities.

**Timeliness of Removal**

2. On August 31, 2026, Plaintiff commenced a civil action in the Court of Common Pleas of Berks County, docketed at Case ID No. 26-13554.

3. Defendant was served with the Complaint on September 14, 2026. This Notice of Removal is timely filed within thirty (30) days of service under 28 U.S.C. § 1446(b).

**Plea for Removal**

4. The United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff asserts that: (1) "[u]nder applicable IRS, FLSA, and Pennsylvania regulations, once Plaintiff continued employment after the removal of his managerial duties, Defendant was required to compensate Plaintiff for overtime hours worked[;] and (2) [b]y Federal (FLSA) and Pennsylvania law, Defendant now owes Plaintiff for all overtime accrued during his employment, including the period following the October 2023 role change." *See* Compl. ¶¶ 16, 19. He therefore asserts a claim under 29 U.S.C. § 201 *et seq.* Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

5. Plaintiff's remaining state law claim under the Pennsylvania Wage Payment and Collection Law (WPCL) mirrors his claim under the FLSA and, therefore, derives from a common nucleus of operative facts; namely, Plaintiff claims he is owed unpaid overtime based on his change in job duties under both the FLSA and WPCL. Therefore, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts.

6. Accordingly, jurisdiction over the subject matter of this action is conferred upon the United States District Court for the Eastern District of Pennsylvania by 28 U.S.C. § 1331, 1441.

7. This Court is the proper venue for removal under 28 U.S.C. §§ 1391, 1446(a) because this action is currently pending in the Court of Common Pleas of Berks County, which is

within the judicial district and division of the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a).

8. Under 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Prothonotary of the Court of Common Pleas of Berks County, and is being served on the counsel of record for Plaintiff.

9. For the foregoing reasons, Defendant hereby removes this State Court Action from the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

10. Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto collectively as Exhibit "A".

11. By filing this Notice of Removal, Defendant does not waive its objections or challenges to any defects in the reinstatement of process, manner and timing of the service of process, venue, or personal jurisdiction, or on the basis of the statute of limitations, nor does it waive any other available defense.

WHEREFORE, Defendant, Tier 1 Testing and Commissioning Inc., respectfully removes this action from the Court of Common Pleas of Berks County to the United States District Court for the Eastern District of Pennsylvania.

**OBERMAYER REBMANN**
**MAXWELL & HIPPEL LLP**

*/s/ Matthew Olesh*
Matthew Olesh (#206553)
Charles Shute (#323439)
1500 Market Street, Ste 3400
Philadelphia PA 19103
215.665.3000 Telephone
Email: matthew.olesh@obermayer.com
charles.shute@obermayer.com

*Attorneys for Defendant, Tier 1 Testing and Commissioning, Inc.*

Dated: October 13, 2026

**CERTIFICATE OF SERVICE**

I, Matthew Olesh, hereby certify that on October 13, 2026, a true and correct copy of the Defendant's Notice of Removal was served via email and first class mail upon counsel as follows:

Larry W. Miller, Jr.
Miller Law Group, PLLC
25 Stevens Avenue
West Lawn, Pennsylvania 19608

*Counsel for Plaintiff*

By: *<u>/s/ Matthew Olesh</u>*
Matthew Olesh (#206553)

# Exhibit A

MILLER LAW GROUP, PLLC
BY: LARRY W. MILLER, JR., ESQUIRE
IDENTIFICATION NO.: 86007
25 STEVENS AVENUE
WEST LAWN, PA 19609
(610) 670-9000

RECEIVED
2026 SEP 14 A 11:32
SHERIFF'S OFFICE
COUNTY OF BERKS

Attorneys for Plaintiff,
Stephen J. Souther

| | |
|---|---|
| STEPHEN J. SOUTHER, | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA |
| Plaintiff, | CIVIL ACTION- LAW |
| v. | NO.: |
| TIER 1 TESTING AND COMMISSIONING, INC., | |
| | Assigned to: |
| Defendant. | |

## NOTICE TO DEFEND
## NOTIFICACIÓN PARA DEFENDERSE

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyers' Referral Service of the**
**Berks County Bar Association**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Telephone (610)375-4591**
**www.BerksBar.org**

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

MILLER LAW GROUP, PLLC
BY: LARRY W. MILLER, JR., ESQUIRE
IDENTIFICATION NO.: 86007
25 STEVENS AVENUE
WEST LAWN, PA 19609
(610) 670-9000

Attorneys for Plaintiff,
Stephen J. Souther

| | |
|---|---|
| STEPHEN J. SOUTHER,<br><br>Plaintiff,<br><br>v.<br><br>TIER 1 TESTING AND COMMISSIONING, INC.,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION- LAW<br><br>NO.:<br><br>Assigned to: |

## AVISO

**Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

**USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.**

**SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.**

**Servicio de Recomendación para Contratar Abogados**
**del Colegio de Abogados del Condado Berks**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Teléfono (610) 375-4591**
**www.BerksBar.org**

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

MILLER LAW GROUP, PLLC
BY: LARRY W. MILLER, JR., ESQUIRE
IDENTIFICATION NO.: 86007
25 STEVENS AVENUE
WEST LAWN, PA 19609
(610) 670-9000

Attorneys for Plaintiff,
Stephen J. Souther

| | |
|---|---|
| STEPHEN J. SOUTHER, | : IN THE COURT OF COMMON PLEAS OF<br>: BERKS COUNTY, PENNSYLVANIA |
| Plaintiff, | : CIVIL ACTION- LAW |
| v. | : NO.: |
| TIER 1 TESTING AND COMMISSIONING, INC., | : Assigned to: |
| Defendant. | : |

## COMPLAINT

COMES NOW, Plaintiff, Stephen J. Souther, by and through his attorneys, Larry W. Miller Jr., Esquire, and the Miller Law Group, PLLC, pursuant to 43 P.S. § 260.1 et seq., the Pennsylvania Wage Payment and Collection law (WPCL), and files this action to pray for relief, restitution, civil penalties, costs and other appropriate equitable relief to redress the harm inflicted on Plaintiff through Defendant's violations thereof.

In support of this action, Plaintiff avers the following:

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Section 931 of the Judicial Code, 42 Pa.C.S § 931(a).

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

## VENUE

2. Venue lies with this Court pursuant to Pa. R.C.P. 1006 because the transactions and occurrences giving rise to Plaintiff's causes of action took place in Berks County, Pennsylvania.

## PARTIES

3. Plaintiff is Stephen J. Souther, a citizen of the state of Maine having an address of 214 Echo Lake Road, Fayette ME 04349.

4. At all times during the activities set forth in this Complaint, Plaintiff was a Pennsylvania resident working with Defendant, who's headquarters are located with this Honorable Court's jurisdiction.

5. Defendant is Tier 1 Testing and Commissioning, Inc., a Pennsylvania corporation having its principal offices located at 6 Commerce Drive, Suite 300, Reading, Pa 19607.

## BACKGROUND

6. On or about November 1, 2022, Defendant hired Plaintiff as a Lead Field Technician whose primary duties included leading protection and control (P&C) testing and commissioning (T&C) projects and programs for Baltimore Gas & Electric (BGE).

7. Although Plaintiff received an official Manager of Operations designation, Plaintiff never functioned in a primarily managerial role or in any executive position with Defendant. Plaintiff's primary duty remained billable field work, and Defendant's status as a women-owned business enterprise precluded an executive appointment under applicable stipulations.

8. Nevertheless, Plaintiff's role with Defendant quickly evolved to include managerial aspects (approximately twenty percent (20%) of his time up until the fall of 2023), such as recruiting, training staff, scheduling resources, interacting with clients, and supporting day-to-day operations.

9. Plaintiff worked for Defendant and was paid on an hourly basis at the rate of eighty dollars ($80.00) per hour initially, however, by the time of Plaintiff's separation from employment with Defendant on June 8, 2026, Plaintiff was earning eighty-five dollars ($85.00) per hour.

10. All hours reported by Plaintiff for work done and paid by Defendant —including those over forty (40) per week — were compensated at straight time, despite the Defendant knowingly billing Plaintiff to the client at overtime and double-time rates (when applicable to First Energy Policy).

11. On or about October 2023, coinciding with Defendant securing a significant contract with FirstEnergy Company, Plaintiff's job responsibilities materially shifted because the client internalized management decisions, causing Plaintiff to focus almost exclusively on billable lead field P&C technician duties (less than ten percent (10%) managerial time), performing laborious T&C work.

12. The reason for this change was that the primary client wanted to handle managerial decisions in-house to save on fees otherwise paid to Defendant, and Defendant acquiesced by no longer supporting Plaintiff in the anticipated managerial or operational capacities.

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

13. Once Defendant allowed changes to Plaintiff's job duties on or about October 2023, and subsequently removed his managerial responsibilities, Plaintiff no longer met the criteria for exemption from the hourly pay requirement which meant that Plaintiff now had to be paid on an hourly basis, including time and a half for overtime work, and premium pay for all hours worked, more than eight (8) hours per day or forty (40) hours per week and/or applicable daily thresholds determined by client policies.

14. The allegations set forth in Paragraph 10 is consistent with directives by the Internal Revenue Service and consistent with The Fair Labor Standards Act (hereinafter "FLSA") standards.

15. Plaintiff raised the issue of his job duties and resulting entitlement to overtime compensation with Defendant's management on multiple occasions, but agents for Defendant refused to pay Plaintiff any overtime and failed to seek internal legal or compliance advice regarding the reclassification.

16. Under applicable IRS, FLSA, and Pennsylvania regulations, once Plaintiff continued employment after the removal of his managerial duties, Defendant was required to compensate Plaintiff for overtime hours worked. This obligation cannot be waived or refused by Defendant.

17. Plaintiff continued performing his assigned duties and accrued considerable overtime hours due to the demands of extensive travel and critical onsite work.

18. Defendant continued to refuse payment of overtime wages to Plaintiff throughout the remainder of his employment through June 8, 2026.

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

19. By Federal (FLSA) and Pennsylvania law, Defendant now owes Plaintiff for all overtime accrued during his employment, including the period following the October 2023 role change.

20. Because Defendant has willfully refused to pay wages due and owing as required by law, the Pennsylvania Wage Payment and Collection Law (WPCL) mandates that Defendant pay Plaintiff all unpaid overtime wages, plus liquidated damages of twenty-five percent (25%) of the total unpaid wages, plus Plaintiff's reasonable attorney fees and costs expended in bringing this action, plus interest.

21. After October 2023, when Defendant changed the job duties of Plaintiff's employment, and through the date of separation on June 8, 2026, Plaintiff worked overtime hours equaling the following amounts: $18,760.00 (2023 period), $29,943.90 (2024 period), $26,015.42 (2025 period), and $5,270.00 (2026 period), for a total principal overtime of $79,989.32.

22. Defendant paid Plaintiff his regular hourly wages on a timely basis during this time but refused to pay the overtime compensation required by the Pennsylvania Wage Payment and Collection Law.

23. Defendant now owes unto Plaintiff the pecuniary amount of $79,989.32, plus twenty-five percent (25%) of these wages ($19,997.33) as liquidated damages, plus attorney fees expended by Plaintiff, interest at the statutory rate, and costs of suit.

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order as follows:

a) Granting judgment for the Plaintiff and against Defendants in the amount of Ninety-nine Thousand Nine Hundred Eighty-Six dollars and Sixty-five cents ( $99,986.65);

b) Granting Plaintiff its expenses, including reasonable attorney fees and costs incurred in connection with this action,

c) Granting Plaintiff interest at the statutory rate from October 2023,

d) Granting such other relief as the Court deems equitable and just.

Respectfully submitted,

Date: August 31, 2026

By /s/ Larry W. Miller, Jr.
Larry W. Miller, Jr., Esquire
Miller Law Group, PLLC
Attorney for the Plaintiff
25 Stevens Avenue

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

**CERTIFICATE OF COMPLIANCE**

I, Larry W. Miller, Jr., Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Miller Law Group, PLLC

By: /s/Larry W. Miller, Jr.

Larry W. Miller, Jr., Esquire
Attorney ID# 86007
25 Stevens Avenue
West Lawn, PA 19609
610-670-9000
610-670-9901 (facsimile)

# VERIFICATION

I, Stephen Souther, Plaintiff in the above Complaint, verify that, to the best of my knowledge, the statements made in the above Complaint are true and correct. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: August 31, 2026

ID LeNbmIWADzfkFWpeBdaDFzRn

Stephen J. Souther

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **LeNbmiWADzfkFWpeBdaDFzRn** |
| Signed by: | Stephen J Souther |
| Sent to email: | ssouther3515@gmail.com |
| IP Address: | 172.59.213.82 |
| Signed at: | Aug 31 2026, 12:46 pm EDT |

Received County of Berks Prothonotary's Office on 08/31/2026 2:56 PM Prothonotary Docket No. 26-13554

# SHERIFF'S OFFICE OF BERKS COUNTY

**Mandy P. Miller**
*Sheriff*

| STEPHEN J. SOUTHER<br>vs.<br>TIER 1 TESTING AND COMMISSIONING, INC. | **Case Number**<br>26-13554 |
|---|---|

## SHERIFF'S RETURN OF SERVICE

09/15/2026 01:53 PM - SERVED THE COMPLAINT IN CIVIL ACTION (CICA) BY HANDING A COPY TO CATHY ROWLEY, WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR TIER 1 TESTING AND COMMISSIONING, INC. AT 6 COMMERCE DRIVE, SUITE 300, READING, PA 19607. SO ANSWERS: DEPUTY JASON WOLFE, OF BERKS COUNTY, PA.

JASON WOLFE, DEPUTY

SHERIFF COST: $50.12

SO ANSWERS,

September 15, 2026

MANDY P. MILLER, SHERIFF

Sheriff's Service of Complaint upon 26-13554
Berks County Prothonotary Office
*6284485 R* 9/16/2026 8:22 AM

(c) CountySuite Sheriff, Teleosoft, Inc.

Received County of Berks Prothonotary's Office on 9/16/2026 8:23:54 AM Prothonotary Docket No. 26-13554

Case #2026-13554

| | |
|---|---|
| **Case Number** | 2026-13554 |
| **Commencement Date** | 8/31/2026 2:56:00 PM |
| **Last Filing Date** | 9/16/2026 |
| **Days Open** | 43 |
| **Case Type** | Civil Complaint - MISCELLANEOUS: OTHER |
| **PFA Number** | |
| **Caption Plaintiff** | SOUTHER, STEPHEN J |
| **Caption Defendant** | TIER 1 TESTING AND COMMISSIONING INC |
| **Status** | Pending |
| **Judge** | Madelyn S. Fudeman, J. |
| **Parcel Number** | |
| **Remarks** | |
| **Interpreter Needed** | |
| **Disposition** | |
| **Sealed** | No |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence | Interpreter | Status |
|---|---|---|---|---|---|---|---|
| SOUTHER, STEPHEN J | 214 ECHO LAKE ROAD FAYETTE, ME 04349 UNITED STATES | US | Miller, Larry W Jr | Yes | 1 | English | |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence | Interpreter | Status |
|---|---|---|---|---|---|---|---|
| TIER 1 TESTING AND COMMISSIONING INC | 6 COMMERCE DRIVE SUITE 300 READING, PA 19607 UNITED STATES | US | | Yes | 1 | English | |

## Docket Entries

| Sequence | | Filing Date | Docket Type | Docket Text | Sealed |
|---|---|---|---|---|---|
| 1 | | 8/31/2026 12:00:00 AM | Miscellaneous - Other | Miscellaneous - Other w/ Cert of Compliance | No |
| 0 | | 8/31/2026 2:56:00 PM | Civil Complaint | | No |
| 2 | | 8/31/2026 2:56:20 PM | eFiling Fee | eFiling Fee | No |
| 3 | | 9/16/2026 12:00:00 AM | Sheriff's Service of Complaint upon | Sheriff's Service of Complaint in Civil Action upon Deft by handing to Cathy Rowley/APIC on 9/15/26 | No |

## Transaction History

| Date | Receipt Number | Amount |
|---|---|---|
| 8/31/2026 12:00:00 AM | PP1242593 | $0.00 |
| 9/16/2026 8:22:36 AM | 234580 | $0.00 |